**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| LATTICA LASHEY HORTON, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No.: 3:07-cv-0636 |
| | ) | |
| v. | ) | JUDGE HAYNES |
| | ) | |
| C.R. BARD, INC. and DAVOL INC., | ) | MAGISTRATE JUDGE BRYANT |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO**
**PLAINTIFF'S MOTION TO STRIKE**

Defendant C.R. Bard, Inc. ("Bard") and Defendant Davol Inc. ("Davol") (herein collectively, the "Defendants"), by and through their counsel, hereby file this Memorandum in Opposition to Plaintiff's Motion to Strike. Defendants respectfully request that the Court deny Plaintiff's Motion to Strike.

**Introduction**

Plaintiff commenced this action with the filing of her Complaint on or about May 1, 2007, in the Circuit Court for Davidson County, Tennessee. Defendants timely removed the suit to this Court on June 13, 2007, and on June 19, 2007, Defendants answered Plaintiff's Complaint.

Plaintiff's Complaint asserts claims of negligence, breach of implied warranty of merchantability, and strict product liability (*see* Compl. ¶ 11) related to Plaintiff's receipt and use of a Composix® Kugel® Patch, an FDA-approved medical device used to surgically repair soft-tissue defects, most commonly incisional hernias of the abdominal

region. The Composix® Kugel® Patch is manufactured and sold by Davol, a subsidiary of Bard.

Plaintiff's Complaint states that her doctor, Dr. Willie Melvin, implanted a Composix® Kugel® Patch into Plaintiff in conjunction with her hernia repair surgery in May of 2004. (Compl. ¶ 3.) Plaintiff alleges that the Composix® Kugel® Patch she received was defective (Compl. ¶ 5), and was surgically removed on February 9, 2007. (Compl. ¶ 6.)

Defendant's Answer to Plaintiff's Complaint contains several affirmative defenses, as contemplated by Rule 12 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12 ("Every defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is required."). One of those affirmative defenses anticipates Plaintiff's doctor's misuse of the Composix® Kugel® Patch as an intervening and/or superseding cause of Plaintiff's alleged injuries. That defense is succinctly framed as follows:

> Plaintiff's, or her agents', including their physicians', misuse or abnormal use of the product or failure to follow instructions bar the Plaintiff's claims in whole or in part.

(Answer 3, ¶ 6.) Plaintiff complains that this affirmative defense "is so vague and ambiguous that the Plaintiff cannot reasonably ascertain which physicians have misused the product or abnormally used the product or failed to follow instructions of the use of the product." (Mot. to Strike 1.) Thus, Plaintiff has brought her Motion to Strike, asserting little more than that "'paragraph six' of the Defendant's [sic] Answer [i]s an insufficient defense." (*Id.*)

Upon service of Plaintiff's Motion to Strike, Defendants promptly pointed out that Plaintiff's own Complaint identifies her implanting surgeon as Dr. Melvin, and thus provides the necessary context for Defendants' affirmative defense. (*See* June 26, 2007, Ltr. from M. Junk to N. Parsley (Ex. A).) Defendants also pointed out that affirmative defenses are typically afforded a liberal construction, especially in situations where the plaintiff herself holds additional information relevant to the defendant's affirmative defense. (*See id*.) For these reasons, Defendants requested that Plaintiff withdraw her Motion to Strike. (*See id*.) Plaintiff she refused to do so. (*See* June 27, 2007, Ltr. from K Walsh to M. Junk (Ex. B).)

**Argument & Authorities**

Plaintiff's Motion to Strike has no basis in law or logic. Plaintiff's Complaint plainly identifies the surgeon that implanted the allegedly defective Composix® Kugel® Patch, and therefore any questions concerning the identity of at least one physician potentially implicated by Defendants' affirmative defense was answered – by Plaintiff herself – prior to the filing of Plaintiff's Motion to Strike. To the extent that any other physicians may be at fault, Defendants cannot be expected to identify them by name in their affirmative defenses, for at this early stage of the proceedings, when no discovery has taken place, the identities of any other physicians are solely within Plaintiff's knowledge. *See, e.g.*, *Canadian St. Regis Band of Mohawk Indians v. New York,* 278 F. Supp. 2d 313, 324-25 (N.D.N.Y. 2003) ("*Mohawk Indians*") (noting reluctance to grant a motion to strike where there has been no significant discovery).

In any event, Plaintiff's Motion to Strike should be denied because affirmative defenses universally are afforded a liberal construction. "Indeed, courts in th[e Sixth]

Circuit have noted that the general rule is that an affirmative defense may be pled in general terms and will survive a motion to strike as long as it gives the plaintiff fair notice of the nature of the defense." *Agfa Photo USA Corp. v. Parham*, No. 1:06-cv-216, 2007 WL 776503, *3 (E.D. Tenn. Mar. 9, 2007) (quotation marks and citation omitted). Thus, Plaintiff "must make a strong showing to succeed in striking an affirmative defense." 2 Moore's Fed. Prac. § 12.37 (Matthew Bender 3d ed.) (citing cases). At bottom, an affirmative defense should be stricken only when it is insufficient as a matter of law on the face of the pleadings, and where inclusion of the defense would result in prejudice to the plaintiff. *See id*. (citing cases); *Mohawk Indians*, 278 F. Supp. 2d at 324-25. Plaintiff's Motion to Strike does not even attempt to make the requisite showing here, nor could it. Plaintiff's physician's misuse of the Composix® Kugel® Patch is a valid affirmative defense in this product liability action. *See* Tenn. Code. Ann. § 29-28-108 (2000) ("If a product is not unreasonably dangerous at the time it leaves the control of the manufacturer or seller but was made unreasonably dangerous by subsequent unforeseeable alteration, change, improper maintenance or *abnormal use*, the manufacturer or seller is not liable." (emphasis added)). Assuming *in arguendo* that it were not a valid defense, its inclusion in Defendants' Answer does no prejudice to Plaintiff. In sum, Plaintiff's Motion to Strike is unfounded.

## Conclusion

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion to Strike.

Dated: June 29, 2007

Respectfully submitted,

s/ Melissa Loney Stevens

Melissa Loney Stevens (BPR No. 023036)
Andrew Colocotronis (BPR No. 017052)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
2200 Riverview Tower
900 South Gay Street
PO Box 1792
Knoxville, TN 37902
(865) 549-7000
(865) 525-8569 (fax)

*ATTORNEYS FOR DEFENDANT C.R. BARD, INC. AND DEFENDANT DAVOL INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2007, a copy of the foregoing Defendants' Memorandum In Opposition to Plaintiff's Motion to Strike was electronically filed with the Court. This document is available for viewing and downloading from the Court's ECF system. Service of same has been made upon the following in the manner listed below:

Donald D. Zuccarello
Nina Parsley
3209 West End Avenue
Nashville, Tennessee 37203

*via electronic notice*

s/ Melissa Loney Stevens