Spriggs 25 YEARS Hollingsworth

Spriggs & Hollingsworth
1350 I Street, NW
Washington, DC 20005

tel. 202.898.5800
fax 202.682.1639
www.spriggs.com

Michael L. Junk
202.898.5876
mjunk@spriggs.com

June 26, 2007

**VIA FACSIMILE**

Nina Parsley, Esq.
Law Office of Donald D. Zuccarello
3209 West End Avenue
Nashville, TN 37203
(615) 259-8108 (facsimile)

Re: *Horton v. C.R. Bard, Inc. and Davol Inc.*, No. 3:07-cv-0636 (M.D. Tenn.)

Dear Ms. Parsley:

Last week we received Plaintiff's Motion to Strike filed in the above-referenced case. As you will recall, your office filed a similar motion in the *Luffman* matter, and then withdrew it after my colleague, Mr. Gausepohl, pointed out the procedural and substantive problems with that motion. The same problems exist with your current Motion to Strike, and we ask that you withdraw it at this time.

Specifically, Plaintiff's assertion that Defendants' affirmative defense is vague and ambiguous because "Plaintiff cannot reasonably ascertain which physicians have misused the product or abnormally used the product or failed to follow instructions of the use of the product" (Mot. to Strike 1) is manifestly untrue, because Plaintiff's Complaint identifies her physician as Dr. Willie Melvin. (*See* Compl. ¶ 3.) Even if that were not the case, Plaintiff's Motion is meritless because Defendants are not required to identify – nor can they reasonable be expected to identify – every one of every plaintiff's treating physicians in their affirmative defenses. As you know, the identities of those doctors are typically within the sole knowledge of the plaintiff him/herself at the time Defendants' responsive pleadings are due. "Indeed, courts in th[e Sixth] Circuit have noted that the general rule is that an affirmative defense may be pled in general terms and will survive a motion to strike as long as it gives the plaintiff fair notice of the nature of the defense." *Agfa Photo USA Corp. v. Parham*, No. 1:06-cv-216, 2007 WL 776503, *3 (E.D. Tenn. Mar. 9, 2007) (quotation marks and citation omitted).

For these reasons, I ask that you withdraw your Motion to Strike, as you did with the motion for more definite statement in *Luffman*. If I do not hear from you by Friday, June 29th, I will assume that the Motion will not be withdrawn, and we will respond accordingly. Please be

advised that if Defendants are required to respond to Plaintiff's Motion, we will seek costs for doing so.

If you have any questions or concerns, please let me know.

Sincerely,

Michael L. Junk

cc: Andrew Colocotronis, Esq.