**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **LATTICA LASHEY HORTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.: 3:07-cv-0636** |
| **v.** | ) | **JUDGE HAYNES** |
| | ) | |
| **C.R. BARD INC., and DAVOL, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S AMENDED MOTION TO STRIKE**

Comes now the Plaintiff, Lattica Leshay Horton, by and through her undersigned counsel, and submits this her memorandum in support of her Amended Motion to Strike.

## FACTS

The Plaintiff filed suit against the Defendants on May 1, 2007, alleging that they have manufactured, distributed, marketed and sold a defective medical product which caused her to suffer personal injuries. The Defendants filed their answer in response to the Plaintiff's complaint asserting several affirmative defenses including "paragraph 6" under the separate defenses section of the Defendants' answer, which states "Plaintiff's, or her agents', including their physicians, misuse or abnormal use of the product or failure to follow instructions bar the Plaintiff's claim in whole or in part." The Plaintiff contends that the allegations of comparative fault in "paragraph 6" under the separate defenses section of the Defendants' answer is insufficient pursuant to Fed. R. Civ. P. 12(f) and should be stricken.

## ARGUMENT

The Plaintiff would contend that pursuant to Brown v. Wal-Mart Discount Cities, 12 S.W.3d 785 (Tenn.2000), the Defendants in this matter are not permitted to allege fault against a non party who is not identified sufficiently to allow the Plaintiff to plead and serve process on such person pursuant to Tenn.Code.Ann. § 20-1-119. In the *Brown* holding, the Supreme Court of Tennessee pointed out that Tenn.Code.Ann. § 20-1-119 contemplates that the Plaintiff will actually know the identity of the alleged individual or entity whose fault is alleged by the named Defendant. *Id* at 780. Here, the Defendants assert very general and broad allegations of comparative fault against non party physicians, yet they fail to sufficiently identify them for the application of comparative fault as set forth in the seminal and landmark case of McIntyre v. Balantine, 833 S.W.2d 52 (Tenn. 1992). The Plaintiff contends that if this Honorable Court strikes “paragraph 6" under the separate defenses section of the Defendants' answer, then the Defendants certainly have the option and right at a later time under Fed. R. Civ. P. 15, to amend their answer and properly assert allegations of comparative fault against specific physicians that they sufficiently identify as proximately causing the Plaintiffs's injuries.

For the foregoing reasons, the Plaintiff respectfully requests that this Honorable Court grant her Amended Motion to Strike.

Respectfully submitted,

LAW OFFICE OF DONALD D. ZUCCARELLO

s/ Donald D. Zuccarello
Donald D. Zuccarello, BPR No. 15092
Nina Parsley, BPR No. 23818
3209 West End Avenue
Nashville, TN 37203
(615) 259-8100
(615) 259-8108 facsimile

Attorneys for the Plaintiff

**CERTIFICATE OF SERVICE**

I do hereby certify that a true and accurate copy of the foregoing docment was filed electronically on the 29th day of June, 2007. Notice of this filing will be sent by operation of the Court's electronic filing system to all counsel indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

Melissa Loney Stevens, Esq.
Andrew Colocotronis, Esq
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
2200 Riverview Tower
9800 South Gay Street
PO Box 1792
Knoxville, TN 37902

Kirby T. Griffis, Esq.
Dana Alan Gausepohl, Esq.
Michael L. Junk, Esq.
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005

/S/ Donald D. Zuccarello
**Donald D. Zuccarello**