**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| LATTICA LASHEY HORTON, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No.: 3:07-cv-0636 |
| | ) | |
| v. | ) | JUDGE HAYNES |
| | ) | |
| C.R. BARD, INC. and DAVOL INC., | ) | MAGISTRATE JUDGE BRYANT |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO**
**PLAINTIFF'S AMENDED MOTION TO STRIKE**

Defendant C.R. Bard, Inc. ("Bard") and Defendant Davol Inc. ("Davol") (herein collectively, the "Defendants"), by and through their counsel, hereby file this Memorandum in Opposition to Plaintiff's Amended Motion to Strike. Defendants respectfully request that the Court deny Plaintiff's Amended Motion to Strike.

**Introduction**

Immediately after Defendants filed their opposition to their "Motion to Strike," pointing out its lack of any legal foundation, Plaintiff filed an "Amended Motion to Strike," presumably to flesh out and justify the first. It does neither, as the arguments and authorities set out in the Amended Motion only further reveal the baselessness of their position. Defendants respectfully request that the Court deny Plaintiff's Amended Motion to Strike.

## Argument & Authorities

### I. Plaintiff Does Not Challenge The Arguments Or Authorities Presented In Defendants' Original Opposition, Which Are Dispositive.

Plaintiff has not challenged the arguments made in Defendants' Opposition to their original Motion to Strike, which Defendants incorporate by reference here (without repeating).

### II. The Authority Cited By Plaintiff For The First Time In Her Amended Motion To Strike Illustrates The Futility Of Plaintiff's Motion(s).

The two cases cited in Plaintiff's Amended Motion do not change the result dictated by the arguments and authorities presented in Defendants' original Memorandum in Opposition. One case, *McIntyre v. Balentine*, 833 S.W.2d 52 (Tenn. 1992), has no application whatsoever. In that case, the Tennessee Supreme Court replaced its contributory-negligence scheme with a modified comparative-fault scheme. *See id.* at 56 ("[W]e conclude that it is time to abandon the outmoded and unjust common law doctrine of contributory negligence and adopt in its place a system of comparative fault."). The *McIntrye* court did not address a defendant's initial pleading burden, much less a motion to strike under Rule 12(f) of the Federal Rules of Civil Procedure.

The second case relied upon by Plaintiff in her Amended Motion is more to the point, but the point it makes falls decidedly in Defendants' favor. In *Brown v. Wal-Mart Discount Cities*, 12 S.W.3d 785 (Tenn. 2000), the Tennessee Supreme Court held that a "defendant may not attribute fault to a nonparty who is not identified sufficiently to allow the plaintiff to plead and serve process on such person pursuant to Tenn. Code Ann. § 20-1-119 . . . , even if the defendant establishes the nonparty's existence by clear and convincing evidence." *Id.* at 786. Importantly, however, the Supreme Court's holding in

*Brown* applies to the evidence and instructions submitted to a jury, whose duty it is to apportion fault between potential tortfeasors; the holding does not apply to a defendant's pleading burden. In fact, the *Brown* decision distinguishes a defendant's initial pleading burden from the evidentiary burden faced by a defendant at trial, noting that a defendant's affirmative defenses need only *describe* a potential third-party tortfeasor. *See id*. at 787. From this basic premise, the Supreme Court went on to hold that "Tennessee's case law and statutory law both indicate . . . that when pre-trial discovery fails to identify the 'described' comparative tortfeasor alleged in defendant's answer, the defendant should not be allowed to argue, and the trier of fact should not be permitted to make a determination, that a percentage of fault should be attributed to the unidentified nonparty." *Id*. In this way, the *Brown* decision – the only arguably relevant authority cited by Plaintiff in either of her two motions to strike – actually proves the point Defendants have twice stated in opposition to Plaintiff's groundless motions. Namely, Defendants need not, and often cannot, identify with precision each and every tortfeasor relevant to their potential affirmative defense. Rather, Defendants' *description* of other tortfeasors will preserve their affirmative defense in the pleading stage, and discovery will provide the necessary identities of additional tortfeasors, if any.

## III. Even Ignoring All Relevant Authority, As Plaintiff Does, Plaintiff's Amended Motion To Strike Still Defies Common Sense And Should Be Denied For This Reason Alone.

Ultimately, though, even if Plaintiff's argument did not defy all relevant authority (and it does), it would still defy common sense. Here, Plaintiff continues to complain that Defendants' affirmative defense should be stricken because it does not sufficiently identify Plaintiff's physician. *See* Am. Mot. to Strike 2 (arguing that "Defendants assert

very general and broad allegations of comparative fault against non-party physicians, yet they fail to sufficiently identify them."). But the indisputable fact of the matter is that Plaintiff already knows the identity of at least one – and perhaps the only one – of the physicians contemplated by Defendants' affirmative defense. As Defendants made clear when they initially requested that Plaintiff withdraw her original motion to strike, and as Defendants reiterated in their filed opposition to Plaintiff's first motion to strike, Plaintiff's Complaint identifies the doctor at issue. (*See* Compl. ¶ 3 (identifying Dr. Willie Melvin as the surgeon who implanted a Composix® Kugel® Patch into Plaintiff in conjunction with her hernia repair surgery in May of 2004).) If for no other reason than this one, Plaintiff's Amended Motion is baseless.

**Conclusion**

For the foregoing reasons, Defendants respectfully request that the Court put an end to this exercise in futility and deny Plaintiff's Amended Motion to Strike. Defendants also wish to advise the Court that they have this day served Plaintiff with a Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure, which they will present to the Court in due course, in accordance with the guidelines set forth in Rule 11 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 11(c)(1)(A) (advising that Rule 11 motion may not be brought until 21 days after service upon opposing party).

Dated: July 2, 2007

Respectfully submitted,

s/ Melissa Loney Stevens

Melissa Loney Stevens (BPR No. 023036)
Andrew Colocotronis (BPR No. 017052)
BAKER, DONELSON, BEARMAN, CALDWELL

& BERKOWITZ, PC
2200 Riverview Tower
900 South Gay Street
PO Box 1792
Knoxville, TN 37902
(865) 549-7000
(865) 525-8569 (fax)

*ATTORNEYS FOR DEFENDANT C.R. BARD, INC. AND DEFENDANT DAVOL INC.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2007, a copy of the foregoing Defendants' Memorandum In Opposition to Plaintiff's Amended Motion to Strike was electronically filed with the Court. This document is available for viewing and downloading from the Court's ECF system. Service of same has been made upon the following in the manner listed below:

Donald D. Zuccarello
Nina Parsley
3209 West End Avenue
Nashville, Tennessee 37203

*via electronic notice*

s/ Melissa Loney Stevens